Leonard Holchuk, Appellant, v Connecticut General Life Insurance Company, Respondent.

Third Department, July 5, 1990

APPEARANCES OF COUNSEL

*Ronald R. Benjamin* for appellant.

*Buck, Danaher & Ryan (John J. Ryan, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Plaintiff was injured in an automobile accident on February 2, 1976 and, in August 1976, plaintiff began receiving long-term total disability benefits under a policy issued to his employer by defendant. The policy is part of an employee welfare benefit plan and subject to the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq.*).

Under the policy, the first 24 months of benefits were payable upon proof that plaintiff was disabled from his own occupation or employment and thereafter upon proof that plaintiff's disability made him unable to engage in any occupation or employment for which he was qualified based upon his education, training and work experience. Plaintiff had been employed as a general foreman supervising the assembly of fire trucks and equipment. Plaintiff's job had required him to regularly climb in and out of the fire trucks and to stand for extended periods of time. Since the accident, plaintiff has complained of persistent pain in his right hip and lower back which would prevent him from performing his duties as a foreman.

In April 1979, defendant sent a letter to plaintiff notifying him that current medical reports did "not support your claim of total disability from any occupation as required by the contract and no further benefits are payable". Plaintiff was also requested to submit any additional information which would support his disability claim for defendant's review. Plaintiff objected to the termination of his benefits and numerous letters were exchanged between plaintiff and defendant over the next three years. However, in spite of repeated invitations by defendant for plaintiff to submit additional medical information to establish his continued disability, only a few reports were forthcoming during that period and none of these indicated a continuing total disability from any occupation in contradiction of the medical reports which had prompted the termination of benefits. In addition, correspondence indicates that plaintiff was offered the position of superintendent of assembly by his employer, and that plaintiff refused this job in spite of the fact that it did not require him to be on his feet for extended periods or to climb on any vehicles.

In March 1982, plaintiff commenced this action under 29 USC § 1132 (a) (1) (B) to recover disability benefits allegedly due him since April 30, 1979. This case was tried without a jury and upon the conclusion of the trial, Supreme Court rendered a decision in which it found that defendant's termination of benefits in April 1979 was supported by substantial evidence and was not arbitrary and capricious. This appeal by plaintiff ensued.

The sole issue raised on appeal is whether Supreme Court properly applied the arbitrary and capricious standard of review of the denial of benefits in light of *Firestone Tire & Rubber Co. v Bruch* (489 US 101, 109 S Ct 948), which was handed down subsequent to the trial of the instant action but prior to the entry of judgment. In *Firestone,* the plaintiffs were denied benefits under plans governed by ERISA based upon the administrator's interpretation of the term "reduction in work force" in the termination pay plan. The United States Supreme Court held that the trial court's utilization of the arbitrary and capricious standard was error and that a de novo standard of review should apply. However, the court's holding was expressly "limited to the appropriate standard of review in * * * actions challenging denials of benefits based on *plan interpretations" (supra,* 489 US, at 108 [emphasis supplied]).

Here, by contrast, the determination challenged by plaintiff is a wholly factual one based upon the medical evidence submitted to defendant. Despite plaintiff's contention on appeal to the contrary, plaintiff has never raised an issue requiring the interpretation of the language of the plan. Accordingly, the *Firestone* case *(supra)* is inapposite and the arbitrary and capricious standard of review was properly employed by Supreme Court in upholding defendant's determination *(see, Questech, Inc. v Hartford Acc. & Indem. Co.,* 713 F Supp 956, 962-963). Moreover, Supreme Court did not err in refusing to consider additional medical proof never submitted to defendant *(see, Berry v Ciba-Geigy Corp.,* 761 F2d 1003, 1007).

MAHONEY, P. J., KANE, CASEY and MERCURE, JJ., concur.

Judgment affirmed, with costs.